UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- X
:
UNI-SYSTEMS, LLC, :
:
      Plaintiff, :
:
  -against- :
:
UNITED STATES TENNIS : CIVIL ACTION NO. 1:17-CV-00147
ASSOCIATION, INC., ROSSETTI INC., : (KAM-CLP)
HUNT CONSTRUCTION GROUP, INC., :
HARDESTY & HANOVER, LLC, : **Rule 26(f) Joint Report**
HARDESTY & HANOVER, LLP, :
MORGAN ENGINEERING SYSTEMS, :
INC., and GEIGER ENGINEERS, P.C. :
:
      Defendants. :
:
:
:
:
:
------------------------------------------------------- X

# JOINT STATUS REPORT AND PROPOSED DISCOVERY PLAN

In accordance with Magistrate Judge Cheryl L. Pollak's Order (ECF No. 114), Plaintiff Uni-Systems, LLC ("Uni-Systems" or "Plaintiff") and Defendants United States Tennis Association, Inc. ("USTA"), Rossetti, Inc. ("Rossetti"), Hunt Construction Group, Inc. ("Hunt"), Hardesty & Hanover, LLC and Hardesty & Hanover, LLP (together, "Hardesty & Hanover"), Morgan Engineering Systems, Inc. ("Morgan"), and Geiger Engineers, a dba name for Geiger Gossen Campbell, P.C. ("Geiger") (collectively, "Defendants") met and conferred on September 26, 2017 to discuss, among other topics, a proposed discovery plan. Pursuant to that conference and further discussions of counsel, the parties hereby submit this Joint Status Report and Proposed Discovery Plan.

Counsel for USTA, Rossetti, Geiger, and Morgan previously advised counsel for Uni-Systems that Uni-Systems has named in the Complaint incorrect entities or not named certain relevant entities with respect to the accused activity in this case. The parties are presently conferring as to an appropriate course of action, including a possible stipulation to file an amended complaint to re-name/add the appropriate parties.

## I.    NATURE AND BASIS OF CLAIMS AND DEFENSES

### A.    Plaintiff's Claims and Contentions[1]

Uni-Systems is a design, construction, and consultation engineering firm that specializes in movable mechanized structures. Uni-Systems contends that it pioneered the field of retractable roof technology and is a leader in the industry, having designed, built, and installed retractable roofs for venues such as Minute Maid Ballpark and Reliant Stadium in Houston, Texas; Marlins Ballpark in Miami, Florida; Lucas Oil Stadium in Indianapolis, Indiana; Cowboys Stadium in Dallas, Texas; and University of Phoenix Stadium (the "Arizona Cardinals Stadium") in Phoenix, Arizona.

This case arises from Defendant USTA's construction of a retractable roof over Arthur Ashe Stadium (the "Ashe Retractable Roof") on its tennis campus in Flushing Meadows, New York. Defendant Rossetti was hired as the designer and architect of the Ashe Retractable Roof, and Defendant Hunt was hired to build the Ashe Retractable Roof. Uni-Systems contends that in 2012, it submitted an initial design proposal to Defendant Rossetti based on a specification

---

[1] As indicated above, counsel for defendants USTA, Rossetti, Geiger, and Morgan have advised counsel for Uni-Systems that Uni-Systems has named in the Complaint incorrect entities or not named certain relevant entities with respect to the accused activity in this case. The references herein to activity by USTA, Geiger, and Morgan shall not be construed as an admission that the identified activity is attributable to the entities named in the Complaint, as opposed to a related entity.

provided by Defendants USTA, Hunt, and Rossetti for a cable net architecture, which these Defendants would later abandon.  Uni-Systems contends that USTA eventually awarded the project to Defendants Hardesty & Hanover, who collaborated with Rossetti, Hunt, and Defendants Morgan and Geiger to design and build the Ashe Retractable Roof.

Uni-Systems contends that the Ashe Retractable Roof infringes at least two of Uni-Systems' patents in the field of retractable roof technology, United States Patent Nos. 6,789,360 (the "Retention Mechanism" patent) and 7,594,360 (the "Lateral Release" patent).  Uni-Systems accordingly brings two counts of patent infringement against all Defendants.

In addition, Uni-Systems contends that the Defendants constructed the Ashe Retractable Roof through the unauthorized use of Uni-Systems' trade secrets.  Uni-Systems contends that Hunt and Hardesty & Hanover conspired to obtain improper access to these trade secrets when Hardesty & Hanover offered to handle the maintenance of the Arizona Cardinals Stadium retractable roof at a significant financial loss.  Uni-Systems contends that, by way of this arrangement, Hardesty & Hanover misappropriated Uni-Systems' trade secrets in an effort to undermine Uni-Systems' preeminent position in the market for stadium retractable roofs. Furthermore, Uni-Systems contends that Hunt facilitated Hardesty & Hanover's access to Uni-Systems' trade secrets under the guise of a peer review of Uni-Systems' design for Marlins Ballpark in Miami, Florida.  Uni-Systems contends that Hardesty & Hanover used Uni-Systems' trade secrets obtained through the Marlins peer review for the Arthur Ashe Stadium retractable roof.  Uni-Systems believes that this same set of defendants are now in the process of designing and building the new Louis Armstrong Stadium on the same Flushing Meadows campus, including a retractable roof for that stadium. As Uni-Systems pled in the Complaint, Uni-Systems believes Defendants are actively propagating the misuse Uni-Systems' misappropriated

trade secrets in the development of a retractable roof for the new Louis Armstrong Stadium. Uni-Systems thus brings claims against Hunt and Hardesty & Hanover for misappropriation of trade secrets under 18 U.S.C. § 1836 *et seq.* and New York state law and for unfair competition under New York law.

### B. Defendants' Statement

The Defendants deny Uni-Systems' claims. The Defendants contend that the design of the Ashe Retractable Roof is significantly different from the designs claimed in the asserted patents. The Defendants contend that the Ashe Retractable Roof does not infringe any claim of the asserted patents.

The Defendants also contend that the asserted patents are invalid. The Defendants contend that the designs claimed in the asserted patents are based upon old and well-known technology. In addition, the Defendants contend that in the course of patent prosecution, Uni-Systems withheld material information relating to the unpatentability of its claims, including but not limited to information relating to the roof of the Arizona Cardinals Stadium. The Defendants contend that the asserted patents are invalid as being anticipated by prior art under 35 U.S.C. § 102, obvious in view of prior art under 35 U.S.C. § 103, and for failure to comply with 35 U.S.C. § 112.

Defendants Hunt and Hardesty & Hanover contend that Uni-Systems' claims for trade secret misappropriation and unfair competition are without merit. Moreover, the Defendants contend that Uni-Systems' Complaint fails to allege facts sufficient to establish the necessary elements of such claims, and, accordingly, Defendants Hunt and Hardesty & Hanover contend that those claims should be dismissed under Rule 12(b)(6), as indicated in their letter filed with the Court on March 20, 2017.

The Defendants further contend that Uni-Systems unreasonably delayed in bringing this suit against the Defendants, waiting until after construction and use of the Ashe Retractable Roof to assert its claims, resulting in substantial prejudice to the Defendants. The Defendants contend that Uni-Systems' claims are barred under equitable doctrines of laches and estoppel.

Defendants USTA, Rossetti, Geiger, and Morgan filed answers to the Complaint on March 20, 2017. Also on March 20, 2017, Defendants Hunt and Hardesty & Hanover filed a letter request for a pre-motion conference on a Rule 12(b)(6) motion to dismiss the trade secret and unfair competition claims. In accordance with Judge Matsumoto's Chambers Practices and Rule 12(a)(4), that filing tolled the time for those Defendants to answer the Complaint until 14 days after that motion is decided. Because the pleadings stage has not yet concluded, Defendants reserve the right to assert other defenses, affirmative defenses, and counterclaims, to the extent permitted by the Federal Rules of Civil Procedure, not limited by the foregoing brief and preliminary statement of claims and defenses.

Defendants Rossetti and Geiger have notified the Court, by letter dated September 27, 2017, of their desire to each file a Motion For Judgment On The Pleadings Under Rule 12(c) of the Federal Rules of Civil Procedure, and have requested a pre-motion conference.

    **C.**    **Status of the Pleadings**

Defendants Rossetti, Geiger, Morgan and USTA have answered the Complaint. As noted above, on March 20, 2017, Hunt and Hardesty & Hanover filed a letter request for a pre-motion conference on a Rule 12(b)(6) motion to dismiss Uni-Systems' claims of trade secret misappropriation and unfair competition.

      **D.**    **Status of the Litigation**

The parties engaged in several months of discovery limited to issues relating to settlement. On July 18, 2017, the parties participated in a settlement conference with the Court, but were not able to reach a resolution of the dispute. The parties believe that, given their respective positions, a settlement of the dispute at this time is unrealistic; however, the parties are willing to continue to explore settlement possibilities.

**II.**    **DISCOVERY PLAN**

      **A.**    **Subjects of Discovery**

The parties presently anticipate that the scope of discovery may include, but will not be limited to, the following subjects:

- The patents-in-suit, their prosecution history, and any licenses, assignments, or other ownership changes thereto;
- Defendants' alleged infringement of the patents-in-suit;
- The conception, work toward reduction to practice, and reduction to practice of the alleged inventions of the patents-in-suit;
- The inventorship of the subject matter claimed in the patents-in-suit;
- Prior art to the patents-in-suit (including third party prior art);
- The relationship of Uni-Systems to Uni-Systems Engineering, and the relationship of Uni-Systems Engineering to the claims asserted in this action;
- Uni-Systems' retractable roof technology;
- Defendants' retractable roof technology;
- Information concerning sales and forecast data for the retractable roof business;

- The design, development, manufacturing, features, and operation of the Ashe Retractable Roof;

- The design, development, manufacturing, features, and operation of other retractable roof systems (e.g., as prior art to the patents-in-suit);

- Design, development, manufacturing, features, marketing, contracting, subcontracting, construction, and operation of or for the Arizona Cardinals Stadium and retractable roof, including the facts relating to putting that retractable roof on sale;

- Uni-Systems' knowledge of prior art and information material to patentability and the decision to disclose or withhold such information from the United States Patent and Trademark Office;

- Uni-Systems' claimed trade secrets, including the identification of such trade secrets and facts relating to the ownership, knowledge, protection, maintenance, and use of such trade secrets;

- The disclosure, transfer of ownership, and failure to protect the alleged trade secrets, including in conjunction with the Arizona Cardinals Stadium, Lucas Oil Stadium, Cowboys Stadium (now AT&T Stadium), and Marlins Park.

- Uni-Systems' claim of Defendants' alleged misappropriation, use, and exploitation of Uni-Systems' trade secrets;

- Maintenance of the Arizona Cardinals Stadium and retractable roof;

- Revenues, costs, and profits related to the maintenance of the Arizona Cardinals Stadium and retractable roof;

- Communications and activities of Hunt and Hardesty & Hanover surrounding Hardesty & Hanover's peer review of Uni-Systems' design for the Marlins Ballpark roof project; and

- Uni-Systems' knowledge relating to the accused activity in this action, and its actions and decisions relating to the assertion of its claimed rights, including the timing of such actions and decisions.

- The basis for the allegations in Uni-Systems' Complaint, to the extent not covered by the foregoing.

### B. Discovery Relating to the Trade Secrets Claims

As stated above, on March 20, 2017, Defendants Hunt and Hardesty & Hanover filed a letter request for a pre-motion conference on a Rule 12(b)(6) motion to dismiss Uni-Systems' claims of trade secret misappropriation and unfair competition. The parties have raised certain discovery issues relating to these claims with the Court. At the hearing on September 6, 2017, Magistrate Judge Pollak ordered the parties to meet-and-confer regarding Uni-Systems' responses to Interrogatories Nos. 2-4 served by Hunt and Hardesty & Hanover, and in an Order dated September 13, 2017, Magistrate Judge Pollak further ordered the parties to meet-and-confer regarding other discovery issues. The parties will continue to meet and confer about these issues and will request the Court's intervention if the disagreement cannot be resolved.

### C. Defendants' Motion For Judgment On The Pleadings

As stated above, Defendants Rossetti and Geiger have filed a letter request for a pre-motion conference on a Rule 12(c) Motion For Judgment On The Pleadings to be filed separately by each party. Rossetti and Geiger are each accused of patent infringement. Each believes that the facts alleged in the Complaint, when viewed in a light most favorable to Uni-

Systems, does not state a claim on which relief can be granted. While this has not yet resulted in disagreements with Uni-Systems regarding the present scope of discovery, the parties will meet and confer to address such issues if and when they arise, and may request the Court's intervention if such issues cannot be resolved.

### D.     Discovery Regarding Louis Armstrong Stadium

The parties dispute whether the project for a retractable roof for the Louis Armstrong Stadium is a subject of the lawsuit or a proper subject area for discovery. Uni-Systems contends that the development of the Louis Armstrong Stadium by most, if not all, of the Defendants in this action may constitute further misappropriation of Uni-Systems' trade secrets and infringement of Uni-Systems' patents and goes to issues of damages. Defendants have produced some information relating to the Louis Armstrong stadium project, but refuse to produce other relevant information. For months, Defendants have held this position of selective refusal to produce Louis Armstrong Stadium related discovery, and accordingly, Uni-Systems believes the parties are at an impasse on this issue. For their part, Defendants contend that because Uni-Systems' Complaint does not assert that the retractable roof for the Louis Armstrong Stadium infringes any patents or otherwise violates any claimed right of Uni-Systems, there can be no discovery concerning Louis Armstrong Stadium. Because the pleadings stage has not yet closed, the parties recognize that other subjects of discovery may become relevant.

### E.     Electronic Discovery and Electronic Service

The parties have begun discussing the process for exchanging documents, including electronically stored information ("ESI"), and these discussions will be ongoing. Defendants have offered to provide a proposed order regarding ESI discovery, and Uni-Systems will respond

to that plan within ten (10) days thereafter. In the event the parties are unable to agree on an ESI order, they will promptly seek assistance from the Court.

The parties agree to produce documents on a rolling basis.

The parties further agree that all documents that are required to be served but not filed with the Court (including, but not limited to, discovery requests and responses and expert reports) will be served electronically by e-mail, and the parties consent to accept such electronic service in accordance with Rule 5(b)(2)(E). The parties also agree that documents served electronically by midnight Eastern time will be deemed served on the date transmitted.

### F.     Limitations on Discovery[2]

The parties will use all methods of discovery permitted by the Federal Rules of Civil Procedure. The parties presently agree that discovery does not need to be conducted in phases.

This case, as presently configured, involves claims of patent infringement against all six defendants (Counts I and II) and claims of trade secret misappropriation and unfair competition against two defendants (Hunt and Hardesty & Hanover, hereafter "Trade Secret Defendants") (Counts III through V). Accordingly, the parties recognize that some adjustment of discovery procedures is appropriate, as follows:

Interrogatories: Each side may propound 15 common interrogatories. Each party may propound an additional 10 individual interrogatories.

Subject to the disagreement regarding the discoverability of information related to the trade secret misappropriation and unfair competition claims, each side involved in Counts III through V (i.e., Uni-Systems, on the one hand, and Trade Secret Defendants, on the other) may

---

[2] For purposes of this agreement, Hardesty & Hanover will be considered a single defendant.

propound up to 15 additional common interrogatories directed to the other side involved in Counts III through V.

No other interrogatories may be propounded without leave of court.

<u>Document and Inspection Requests and Requests for Admissions</u>:  The Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York apply.

<u>Depositions</u>:  Each side may take 28 depositions of fact witnesses without leave of court.  A deposition noticed under Rule 30(b)(6) counts as one deposition regardless of the number of witnesses the responding party produces to testify in response.  The parties agree to meet and confer in good faith regarding the length of the deposition of any deponent on either side of the case.  Defendants reserve the right to object to more than 10 depositions of any one defendant.

Subject to the disagreement regarding the discoverability of information related to the trade secret misappropriation and unfair competition claims, the parties further agree that each side involved in Counts III through V in the Complaint (i.e., Uni-Systems, on the one hand, and Trade Secret Defendants, on the other) may take up to an additional 7 depositions of fact witnesses without leave of court.

As discussed above, counsel for defendants USTA, Rossetti, Geiger, and Morgan have indicated that the Complaint may need to be amended to name correct or additional entities.  The above-listed limitations on the total number of depositions is based on the understanding that depositions will not be required to determine the correct entities to name in an amended complaint.  Uni-Systems reserves the right to seek additional depositions if this understanding changes.

The above-listed limitations on the total number of depositions do not apply to expert witnesses.

The parties will meet and confer in good faith to resolve additional issues that may arise regarding the scope of discovery or limits on discovery methods.

### F. Site Inspection

At an appropriate time, Uni-Systems will request to inspect the Ashe Retractable Roof and the Arthur Ashe Stadium.

Uni-Systems also will request to inspect the new Louis Armstrong Stadium site. As stated above, Defendants dispute that the Louis Armstrong Stadium is a subject of the lawsuit or a proper subject area for discovery. For the same reasons disussed above, Uni-Systems believes the parties are at an impasse on this issue.

Defendants will request to inspect the Arizona Cardinals Stadium and its retractable roof and may request other inspections of other retractable roof systems.

Counsel for the parties will meet and confer regarding a mutually agreeable time for each inspection and will attempt in good faith to agree on which party representatives may be present for each inspection.

### G. Confidential Documents and Protective Order

The parties anticipate that throughout the course of this action, discovery efforts and settlement discussions will require the production, disclosure, and exchange of confidential and proprietary business information that should otherwise remain the confidential and private property and information of the producing party. Accordingly, the parties are in the process of negotiating and preparing a stipulated protective order, which the parties will present to the Court.

### H. Issues Related to Claims of Privilege or Trial-Preparation Protection

At this time, the parties do not believe that there are any unusual issues relating to claims of privilege or trial-preparation protection that would require an agreement of the parties or an order of the Court. To the extent such issues arise, the parties will meet and confer in good faith before requesting the Court's intervention.

### I. Expert Witnesses

All parties intend to retain and present expert witnesses pursuant to Rule 702 of the Federal Rules of Evidence. The parties agree that any and all expert witnesses will be disclosed according to the schedule set forth in Part IV.H below.

To the extent any objection to expert testimony is made pursuant to the principles set forth in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

### J. Proposed Discovery Cut-Off and Pre-Trial Deadlines

The parties propose the following pre-trial deadlines, in accordance with Judge Kiyo A. Matsumoto's Chambers Practices and the Local Patent Rules:

- <u>Disclosure of Asserted Claims and Infringement Contentions (Local Patent Rule 6)</u>: Monday, October 30, 2017

- <u>Invalidity Contentions (Local Patent Rule 7)</u>: Friday, December 15, 2017

- <u>Parties to exchange list of claim terms that they believe need construction and notice of intent to use expert testimony as to each such claim term (not filed with the Court)</u>: Friday, January 19, 2018

- Parties to exchange proposed construction of identified claim terms and to disclose the general subject matter on each claim term on which experts intend to testify (not filed with the Court): Friday, February 9, 2018

- Joint Claim Terms Chart (Local Patent Rule 11) (parties to meet and confer in advance for preparation of this joint filing): Friday, March 2, 2018

- Opening Claim Construction Brief by Plaintiff (Local Patent Rule 12(a)): Monday, April 2, 2018

- Answering Claim Construction Briefs by Defendants (Local Patent Rule 12(b)): Wednesday, May 2, 2018

- Reply Claim Construction Brief by Plaintiff (Local Patent Rule 12(c)): Wednesday, May 9, 2018

- Completion of expert depositions for any expert declarations submitted with claim construction briefing: Friday, June 1, 2018

- *Markman* Hearing: Friday, June 15, 2018, or as soon thereafter as may be scheduled by the Court

The Parties request that the Court set a trial date at the time of the *Markman* hearing or at the time of the Court's claim construction ruling. The parties propose the following pre-trial deadlines for the case after the Court's claim construction ruling:

- Close of fact discovery: sixty (60) days after the Court's claim construction ruling. Because fact discovery will close before the parties exchange expert reports, the parties agree that, to the extent any expert relies in his/her report on facts that were not disclosed earlier, limited discovery may be taken as to those facts that were not previously disclosed.

- <u>Opinion(s) of counsel (Local Patent Rule 10)</u>: thirty (30) days following the Court's claim construction ruling. Defendants reserve the right to request moving this deadline until after the resolution of dispositive motions.

- <u>Opening expert reports (related to issues on which the party has the burden of proof)</u>: thirty (30) days after the close of fact discovery

- <u>Rebuttal expert reports (in response to opinions disclosed in opening expert reports)</u>: thirty (30) days after the service of opening expert reports

- <u>Reply expert reports (limited to objective considerations)</u>: twenty-one (21) days after the service of rebuttal expert reports

- <u>Completion of expert depositions</u>: thirty (30) days after the service of reply expert reports

- <u>Filing deadline for summary judgment motion(s)</u>: thirty (30) days after the completion of expert depositions

- <u>Deadline to file joint pre-trial order</u>: fifty (50) days following the completion of expert depositions

- <u>Deadline to file motions *in limine*</u>: thirty (30) days before trial

- <u>Deadline to file proposed *voir dire* questions, proposed jury charges, and proposed verdict forms; statement of damages; and pre-trial memorandum</u>: fifteen (15) days before trial

- <u>Deadline to file objections to proposed jury charges and verdict forms</u>: seven (7) days before trial

    **K.** **<u>Modifications to Deadlines or Proceedings in Local Patent Rules</u>**

With the exception of any deadlines set forth above, the parties agree to abide by the Local Patent Rules for claim construction filings and proceedings and for service of infringement and invalidity/unenforceability contentions.

## V. ADDITIONAL PARTIES AND AMENDMENT OF PLEADINGS

The parties have discussed the possibility of joining additional parties to this action. Other than the possibility of Uni-Systems filing an amended complaint to name and possibly add the correct entities with respect to USTA, Rossetti, Geiger, and Morgan, neither Uni-Systems nor Defendants anticipate adding any other new parties at this time. To the extent new facts or circumstances are discovered that would require or otherwise favor the joinder of additional parties, or the assertion of any additional claims, affirmative defenses, or counterclaims by or against the existing parties, the parties agree that the deadline to move to add new parties or to move to amend or supplement the pleadings, by either Uni-Systems or any of the Defendants, is February 2, 2018.

## VI. CONSENT TO MAGISTRATE JUDGE

The parties discussed the possibility of consenting to trial by a magistrate judge but are unable to unanimously consent at this time.

## VII. ESTIMATED LENGTH OF TRIAL

Uni-Systems requests a jury trial and does not believe a phased trial is appropriate. Defendants also request a jury trial and believe that a phased trial, as well as separate trials for separate Defendants for at least some issues, is appropriate, but believe that the course and staging of trial may be addressed at a later time.

At this time, the parties estimate that the trial will last 15-25 days. Uni-Systems anticipates that it will need approximately 5-8 days to present its case-in-chief. Defendants are

presently unable to individually estimate the time needed to present their cases-in-chief, but Defendants agree that they will collectively require approximately 10-16 days. The parties estimate that 1-2 days will be required for jury selection and opening and closing statements. These trial estimates may change depending on the facts revealed in discovery as well as any narrowing of issues as the case progresses.

Dated: September 29, 2017

/s/ Paul B. Keller

Paul B. Keller
Michelle Wang
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, New York  10019-6022
Telephone: 212.318.3000
Facsimile: 212.318.3400
paul.keller@nortonrosefulbright.com
michelle.wang@nortonrosefulbright.com

OF COUNSEL (*admitted pro hac vice*)

David H. Ben-Meir
John A. O'Malley
Michelle L. Mello
Kelsey Ann Maher
NORTON ROSE FULBRIGHT US LLP
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone: 213.892.9200
Facsimile: 213.892.9494
david.ben-meir@nortonrosefulbright.com
john.omalley@nortonrosefulbright.com
michelle.mello@nortonrosefulbright.com
kelsey.maher@nortonrosefulbright.com

James G. Warriner
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas  78701-4255

/s/ Ethan Horwitz\_\_\_\_

Ethan Horwitz
Gabriella Sofia Paglieri
CARLTON FIELDS JORDEN BURT, P.A.
405 Lexington Avenue
29th Floor
New York, New York  10174
Telephone: 212.785.2577
Facsimile: 212.785.5203
ehorwitz@cfjblaw.com
gpaglieri@carltonfields.com

Eleanor M. Yost
CARLTON FIELDS JORDEN BURT, P.A.
1025 Thomas Jefferson Street, NW
Suite 400 West
Washington, DC 20007-5208
Telephone: 202.965.8100
Facsimile: 202.965.8104
eyost@carltonfields.com

*Attorneys for Defendants United States Tennis Association, Inc. and Hunt Construction Group, Inc.*

/s/ Maxwell J. Petersen

Maxwell J. Petersen
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 West Adams Street
Suite 300
Chicago, Illinois 60661

Telephone: 512.536.5201
Facsimile: 512.536.4598
jim.warriner@nortonrosefulbright.com

*Attorneys for Plaintiff Uni-Systems, LLC*

Telephone: 312.463.3386
maxwell.petersen@lewisbrisbois.com

David M. Pollack
LEWIS BRISBOIS BISGAARD & SMITH LLP
77 Water Street
Suite 2100
New York, New York 10005
Telephone: 212.232.1300
david.pollack@lewisbrisbois.com

*Attorneys for Defendant Rossetti Inc.*

/s/ Dyan M. Finguerra-DuCharme\_\_

Dyan M. Finguerra-DuCharme
PRYOR CASHMAN
7 Times Square
New York, New York  10036
Telephone: 212.326.0443
Facsimile: 212.798.6307
dfinguerra-ducharme@pryorcashman.com

Scott T. Bluni
Suzanne Parker
KACVINSKY DAISAK BLUNI PLLC
50 Doaks Lane
Marblehead, MA 01945

Douglas E. Ringel
KACVINSKY DAISAK BLUNI PLLC
655 15th St. NW
Washington, DC 20005

*Attorney for Defendants Hardesty & Hanover, LLC and Hardesty & Hanover, LLP*

/s/ Natalie C. Clayton_____

Natalie C. Clayton
Andrew Ligotti
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel: (212) 210-9573
Email:  natalie.clayton@alston.com

and

Brian R. Mertes
James M. Wherley
BLACK McCUSKEY SOUERS & ARBAUGH, LPA
220 Market Avenue South
Suite 1000
Canton, Ohio 44702
Telephone: (330) 456-8341
Telefax: (330) 456-5756
Email: bmertes@bmsa.com

*Attorneys for Defendant Morgan Engineering Systems, Inc.*

/s/ Pasquale A. Razzano__

Pasquale A. Razzano
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
Telephone: (212) 218-2253

*Attorney for Defendant Geiger Engineers, PC*

19