UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------- X
                                                     :
UNI-SYSTEMS, LLC,                                    :
                                                     :
            Plaintiff,                               :
                                                     :
    -against-                                        :
                                                     :
UNITED STATES TENNIS                                 :        CIVIL ACTION NO. 1:17-CV-00147
ASSOCIATION, INC., ROSSETTI INC.,                    :        (KAM-CLP)
HUNT CONSTRUCTION GROUP, INC.,                       :
HARDESTY & HANOVER, LLC,                             :        **Stipulated Protective Order**
HARDESTY & HANOVER, LLP,                             :
MORGAN ENGINEERING SYSTEMS,                          :
INC., and GEIGER ENGINEERS, P.C.                     :
                                                     :
            Defendants.                              :
                                                     :
                                                     :
                                                     :
                                                     :
                                                     :
---------------------------------------------------- X

WHEREAS the Court finds that the Parties are, or will be, engaged in discovery and/or

settlement discussions pursuant to Federal Rule of Evidence 408 that will likely involve the

production or disclosure of confidential or proprietary business information that should

otherwise remain the confidential and private property and information of the producing Party;

WHEREAS Plaintiff Uni-Systems, LLC ("Plaintiff" or "Uni-Systems") and Defendants

United States Tennis Association, Inc. ("USTA"), Rossetti Inc. ("Rossetti"), Hunt Construction

Group, Inc. ("Hunt"), Hardesty & Hanover, LLC and Hardesty & Hanover, LLP (collectively,

"Hardesty & Hanover"), Morgan Engineering Systems, Inc. ("Morgan"), and Geiger Gossen

Campbell, P.C., d.b.a. Geiger Engineers (incorrectly identified in the Complaint as Geiger

Engineers, P.C.) ("Geiger") (collectively "Defendants") agree that certain information to be revealed in the course of this proceeding is of a confidential and/or proprietary nature; and

**WHEREAS** the Parties to the above-captioned action (the "Action") have conferred and stipulated as to the provisions of a protective order;

**UPON CONSIDERATION THEREOF**, this Court finds that entry of a protective order will expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the Parties are entitled to keep confidential and proprietary, ensure that only materials the Parties are entitled to keep confidential and proprietary are subject to such treatment, and ensure that the Parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of the Action, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that, for good cause shown, the following terms (the "Protective Order") shall govern the treatment of confidential documents and information produced or exchanged in the Action and any person subject to the Protective Order— including, without limitation, the Parties to the Action, their representatives, agents, experts, and consultants, all third parties and non-parties providing discovery in the Action, and all other interested persons with actual or constructive notice of the Protective Order—shall adhere to the following terms:

## DEFINITIONS

1.      The following definitions shall apply to this Protective Order:

    a) "Party" or "Parties" shall mean and refer to any Party in the above-captioned action including its directors, officers, agents, servants, and employees.

b) "Document" or "documents" as used herein, shall have the same meaning as contemplated by the Federal Rules of Civil Procedure.

c) "Confidential" information shall mean documents or information that is not publicly available and that the producing Party deems in good faith to constitute sensitive or proprietary financial, technical, marketing, commercial, or other business information or data that is entitled to protection under Rule 26 of the Federal Rules of Civil Procedure.

d) "Highly Confidential" information shall mean documents or information that is not publicly available and that the producing Party deems in good faith to constitute a trade secret or that contains or refers to current or future sensitive financial or competitive information entitled to protection under Rule 26 of the Federal Rules of Civil Procedure and that, if known to the receiving Party, would lead to significant harm or injury to the reputation and/or business of the producing Party.

e) "Highly Confidential-Source Code" information shall mean Source Code Material that is not publicly available and that the producing Party deems in good faith to constitute a trade secret or that contains or refers to current or future sensitive financial or competitive information entitled to protection under Rule 26 of the Federal Rules of Civil Procedure and that, if known to the receiving Party, would lead to significant harm or injury to the reputation and/or business of the producing Party.

f) "Protected Material" means any discovery material that is designated as "Confidential" information, "Highly Confidential," or "Highly Confidential-

Source Code" information, as provided for in this Order, as well as any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties or their counsel in Court or in other settings that might reveal such information.

g) "Source Code Material" means any human-readable text files used as input to computer programs that generate machine-readable files. Source code material includes, but is not limited to, files containing program text in "C", "C++", Java, assembly language, scripting languages, and other programming languages. Source code further includes "make" files, link files, compiler configuration files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor or microcontroller. "Source Code Material" also means computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, other translator, or other data processing module, as well as any information copied or extracted therefrom in connection with this litigation, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or their counsel in Court or in other settings that might reveal such information. "Source Code Material" does not include binary executable files and object code files. This definition does not address the scope of what will be produced, but instead addresses what will be treated as "Source Code" under this Order.

h) "Expert Consultant" shall mean any independent person, firm, or corporation retained or specially employed by outside counsel of record for any Party to

provide consulting or expert advice in connection with this Action who is not an employee of any Party, and who does not have any intended employment with any Party, and who may or may not be expected to be called as a witness at trial.

## TERMS OF THE ORDER

### *Designation and Use of Protected Information*

2.     All Protected Material disclosed in this Action shall be used by any Qualified Person identified in Paragraph 5 below only for the purposes of settlement discussions, prosecution, or defense of the Action (including any amendments to the pleadings or appeals), and subsequent agency or litigation proceedings related to the Action. For avoidance of doubt, Protected Material disclosed in this Action shall not be used to file or prosecute any patent application. Documents from this Action containing Protected Material may be produced, made of record, or submitted as exhibits to pleadings or motions in any agency proceedings related to the Action if any such documents containing Protected Material are filed under seal, but not in any subsequent litigation proceedings unless the documents containing Protected Material are obtained pursuant to Paragraph 19 below or are obtained through discovery conducted in the subsequent litigation proceedings, in which case the documents containing Protected Material may be produced, made of record, or submitted as exhibits subject only to any applicable protective order in the subsequent litigation proceedings.

3.     Any Party or non-party that produces information orally during testimony at depositions or hearings or trial, in writing, through the production of documents, or otherwise during the course of this Action, that it reasonably believes qualifies as Protected Material, may designate such documents or information as "Confidential" information, "Highly Confidential" information, or "Highly Confidential-Source Code" information and the documents or

information so designated shall thereafter be subject to the provisions of this Protective Order. Such designation shall be made by the producing Party at the time that a response to discovery is made by placing or affixing the appropriate designation of confidentiality in writing on documents containing such Protected Material. In the case of depositions or hearings, the producing Party's counsel may designate portions of a deposition or hearing as "Confidential," "Highly Confidential," or "Highly Confidential-Source Code" by making an appropriate statement at the time of the giving of such testimony, or by making a blanket designation of the entire transcript as "Confidential," "Highly Confidential," or "Highly Confidential-Source Code" at the time of commencement, anytime during such deposition or hearing, or within seven (7) business days after the deposition or hearing, subject to subsequent review and declassification of non-confidential portions, if any, of the transcript by the producing Party within thirty (30) days after receipt of such transcript by the producing Party. The Parties agree to treat all testimony provided during depositions or hearings as "Highly Confidential" or "Highly Confidential-Source Code", as applicable, during the seven (7) day period following such deposition or hearing. The producing Party's counsel shall notify counsel for the receiving Party of declassification, if any, under this paragraph within such thirty (30) day period. If testimony at a deposition or hearing or any document being testified to is designated "Confidential," "Highly Confidential," or "Highly Confidential-Source Code," only those persons who may have access to such information under the terms of the Protective Order may be in attendance to hear testimony. Any "Confidential," "Highly Confidential," or "Highly Confidential-Source Code" designation that is inadvertently omitted during document production, in connection with a deposition or hearing, or in connection with any other discovery in the Action, may be corrected by written notification to counsel, and such documents or

6

information shall thereafter be treated in accordance with the provisions of this Protective Order. To the extent a receiving Party has already disclosed such information inconsistent with the corrected designation, the receiving Party shall use its best efforts to promptly collect any copies of disclosed material that have been provided to individuals other than those authorized under this Protective Order, and if collected, shall destroy or return them to the producing Party.

4.      At any deposition, or at any point during testimony at any hearing or trial in this Action, when counsel for a Party or counsel for the deponent deems that a question or the answer to a question will result in the disclosure of Protected Material, counsel shall have the option, in addition to any other steps rightly available under the Federal Rules of Civil Procedure or this Protective Order, to request that all persons not authorized as a Qualified Person who has access to the appropriate category of information, leave the deposition, hearing, or trial during the Protected Material portion(s) of the deposition, hearing, or trial.

5.      Documents and information designated as "Confidential" information pursuant to Paragraph 3 above shall be limited in disclosure exclusively to Qualified Persons associated with the receiving Party. "Qualified Persons" shall mean:

   a) Any three (3) employees of a receiving Party, but only to the extent necessary for providing assistance in this Action, and subject to the provisions contained in Paragraph 10 of this Protective Order;

   b) Outside counsel of record to a receiving Party, and clerical, paralegal, and secretarial staff necessary to assist such counsel in the prosecution or defense of the Action;

   c) Third parties retained by a receiving Party or its outside counsel of record to furnish litigation support services for purposes of this Action, such as document

coding, image scanning, mock trial, jury consulting, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents;

d) Expert Consultants retained by outside counsel of record of the receiving Party for purposes of this Action, subject to the provisions contained in Paragraph 10 of this Protective Order;

e) The Court and its personnel;

f) Such other persons as may hereinafter be properly qualified to receive Protected Material pursuant to subsequent order of the Court;

g) Any person who appears on the face of a document containing Protected Material as an author, addressee, or recipient of the document or a custodian or other person who otherwise possessed or knew the information;

h) Employees of any insurance company that, under an insurance policy with a Party, may be obligated to pay any expenses incurred by that Party in the Action or may be obligated to pay all or part of any possible judgment in the Action, and employees of any insurance company acting as claims services manager on behalf of such an insurance company for any claim relating to the Action;

i) Any other person to whom the Parties agree in writing.

6.     Documents and information designated as "Highly Confidential" pursuant to Paragraph 3 above shall be limited in their disclosure exclusively to those persons specified in Paragraph 5(b), (c), (d), (e), (f), (g), (h) & (i).

*Source Code:*

7.    For Protected Material designated "Highly Confidential-Source Code", the following additional restrictions apply:

a) Protected Material designated "Highly Confidential-Source Code" pursuant to Paragraph 3 above shall be limited in their disclosure exclusively to those persons specified in Paragraphs 5(b), (c), (d), (e), (f), (g), and (i), and be in keeping with the remainder of the restrictions set forth in this Paragraph 7.

b) To the extent Source Code Material is produced in paper form, the following restrictions shall apply:

    i.    The Producing Party will produce up to five paper form copies to the offices of the Receiving Party's outside counsel. The Receiving Party shall maintain all paper copies of any portion of the source code in a secured, locked area. The Receiving Party may also temporarily keep the copies at: (1) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (2) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (3) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g*., a hotel prior to a Court proceeding or deposition).

    ii.    The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format, without the consent of the Producing Party; except that the Receiving Party may make additional

9

paper or electronic copies, or create PDF copies of any portion of the paper copies, if such additional copies are (1) necessary to prepare court filings, pleadings or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) necessary in connection with in-court testimony.  Any paper copies used during a deposition shall be retrieved by the party who marked them at the deposition and must not be given to or left with a court reporter or any other unauthorized individual.

   iii.   The Receiving Party shall maintain a record of any individual who has accessed any portion of the Source Code Material in paper form.

c) To the extent the Source Code Material is produced in electronic form, the following restrictions shall apply:

   i.   Such Source Code Material shall be provided on a "stand-alone" computer(s).  The stand-alone computer shall not be linked to any network, including a local area network ("LAN"), an intranet, the Internet or any other computer).  The Source Code Material on the stand-alone computer shall be in a format allowing it to be reasonably reviewed and searched.

   ii.   The Source Code Material made available on a stand-alone computer shall not be copied, removed or otherwise transferred by the Receiving Party onto any recordable media or recordable device without the prior written consent of the Producing Party.

   iii.   The stand-alone computer may be made available at the offices of the Producing Party's outside counsel or the Receiving Party's outside

counsel, or at sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s), and/or at another mutually agreed upon location. If the stand-alone computer is made available at the offices of the Producing Party's outside counsel, the Receiving Party shall make reasonable efforts to restrict its request for access to the stand-alone computer(s) to normal business hours, which shall be 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. If the stand-alone computer is made available at the office of the Receiving Party's outside counsel, the Receiving Party shall provide the Producing Party reasonable notice that they are requesting inspection of the source code at the office of the Receiving Party's outside counsel. The Producing Party will then make arrangements to deliver the stand-alone computer at the offices of the Receiving Party's outside counsel by 8:00 a.m. and will retrieve the computer at 6:00 p.m. for each day of the inspection. The Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for inspecting outside of these hours. To the extent the stand-alone computer is made accessible at deposition sites, the Receiving Party shall provide at least three business days' notice that the Producing Party shall make the stand-alone computer available at the deposition;

iv.     The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the Source Code Material on the stand-alone computer(s);

v.     Any time the Receiving Party is accessing the stand-alone computer, outside counsel and/or an outside consultant or expert of the Producing Party shall be entitled to be present, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code Material;

vi.     If the Source Code Material has not previously been produced in paper form, the Receiving Party may request paper copies of the Source Code Material accessed on the stand-alone computer that are reasonably necessary for (1) court filings, pleadings or other papers (including a testifying expert's expert report), (2) deposition, or (3) in-court testimony. If such Source Code Material is produced in paper form, such paper production is subject to the restrictions outlined in Paragraph 7(b) above.

vii.     The Receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code Material on the stand-alone computer.

*Patent Prosecution Bar*

8.     Anyone having access to Protected Material shall not engage except by leave of Court, directly or indirectly, in any Patent Prosecution Activity concerning the specific subject matter of the "Confidential," "Highly Confidential," or "Highly Confidential-Source Code"

information that is disclosed in the Protected Materials as it relates to retractable roofs for the duration of this Action (including any appeals) and two years after conclusion of this Action (including any appeals).

9.     Prosecution Activity shall mean any activity related to the preparation or prosecution (for any person or entity) of patent applications substantially related to the subject matter of the asserted patents, or advising or counseling clients regarding the same, including but not limited to providing any advice, counseling or drafting of claims for any patent application, reexamination, *inter partes* reviews, reissue patent application, or any other post-grant proceeding at any patent office. Prosecution Activity does not include (1) activities by the Parties' counsel or their clients and affiliates in challenging and/or defending the validity of a patent in reexaminations, *inter-partes* reviews, or other post-grant challenges to patents, or (2) activities by any person subject to this provision for purposes of performing administrative tasks for pending patent applications on which the person is an inventor. Administrative tasks in this context do not include directly or indirectly (*e.g.*, by advising) drafting or revising patent applications, responses to office actions, amendments, examiner interviews or any invention disclosures used in patent applications that are substantially related to the subject matter of the asserted patents. Administrative tasks are only meant to include submitting prior art to the patent office, or signing of assignments, declarations, powers of attorney, terminal disclaimers and other documents not affecting the scope of the disclosure or the claims.

### *Access by Expert Consultants and Employees*

10.     If outside counsel of record for a Party seeks to disclose to any Expert Consultant information that a producing Party produced and designated as "Confidential" information, "Highly Confidential" information, and/or "Highly Confidential-Source Code" information

pursuant to Paragraph 3 of this Protective Order, the Expert Consultant shall first execute a copy of the declaration in the form attached hereto as Exhibit A and provide a copy of the Expert Consultant's CV to the producing Party. The producing Party shall then have ten (10) days to object to disclosure of the Protected Material, and no Protected Material shall be disclosed to the Expert Consultant before the expiration of those ten (10) days. If, after ten (10) days, there is no objection, such Protected Material may be disclosed to the Expert Consultant. If a timely objection is made, the Parties shall confer in good faith in an attempt to resolve the dispute. If such a resolution is not reached, the Parties may then seek an appropriate order from the Court. The Party objecting to disclosure of Protected Material to the Expert Consultant shall bear the burden of proof to demonstrate why such disclosure would be improper. No Protected Material shall be disclosed to the Expert Consultant until the objection is resolved, by the parties or by the Court. An initial failure to object to an Expert Consultant shall not preclude the nonobjecting party from later objecting to continued access by that person for good cause. For purposes of resolving any objections to an Expert Consultant, "good cause" shall include an objectively reasonable concern that the Expert Consultant will, advertently or inadvertently, use or disclose protected documents or information in a way or ways that are inconsistent with the provisions contained in this Order.

11.     If outside counsel of record for a Party seeks to disclose to any employee of that Party, under Paragraph 5(a), information that a producing Party produced and designated as "Confidential" information pursuant to Paragraph 3 of this Protective Order, the employee shall first execute a copy of the declaration in the form attached hereto as Exhibit B and provide a copy to the producing Party. The producing Party shall then have ten (10) days to object to disclosure of the Confidential information, and no Confidential information shall be disclosed

to the designated employee before the expiration of those ten (10) days. If, after ten (10) days, there is no objection, such Confidential information may be disclosed to that designated employee. If a timely objection is made, the Parties shall confer in good faith in an attempt to resolve the dispute. If such a resolution is not reached, the Parties may then seek an appropriate order from the Court. The Party seeking to make disclosure of Confidential information to the employee shall bear the burden of proof to demonstrate why such disclosure would be proper. An initial failure to object to a designated employee shall not preclude the nonobjecting party from later objecting to continued access by that person for good cause. For purposes of resolving any objections to an employee, "good cause" shall include an objectively reasonable concern that the designated employee will, advertently or inadvertently, use or disclose protected documents or information in a way or ways that are inconsistent with the provisions contained in this Order.

12.     Outside counsel of record for each Party shall retain all declarations executed by any Qualified Person to whom it disclosed Protected Material. Executed declarations shall be subject to production upon demand.

13.     A Party or its attorneys may show a document designated by a Producing Party as "Confidential," "Highly Confidential," or "Highly Confidential-Source Code" to any deponent who is employed by the Producing Party or who was employed by the Producing Party at the time of creation of the document under any of the following conditions: (i) the deponent is permitted access to the document under Paragraph 5 or 6 above, or (ii) the Receiving Party establishes (e.g., by deposition questioning) that the deponent has had access to the document or the information in it, or (iii) the Producing Party consents that the document may be shown to the deponent.

### *Relief from Protected Information Designation*

14.     In the event that the receiving Party shall at any time disagree with the producing Party's designation of any information or material as "Confidential" information and/or "Highly Confidential" information, the receiving Party shall give the producing Party written notice of said objection and state the basis for such objection. Thereafter, the Parties shall endeavor to arrive at an agreement that some or all of such information is or is not Confidential information and/or Highly Confidential information, and shall otherwise try in good faith to resolve such dispute. If the Parties are unable to resolve their dispute within seven (7) days, the Party objecting to the designation may move or apply to the Court for such relief as it believes appropriate. The Court may then determine whether the documents or information should be considered Confidential information and/or Highly Confidential information, and, if so, may rule on what restrictions to access or disclosure should be imposed, if any. Until said dispute is resolved by the Court, the documents or information designated Confidential information and/or Highly Confidential information by the producing Party shall retain such designation. On any motion brought before the Court by the receiving Party to remove a designation of Confidential information and/or Highly Confidential information, the burden of proof and persuasion shall be on the producing Party to demonstrate to the Court that the documents or information disclosed by it should be treated as Confidential information and/or Highly Confidential information. The prevailing Party on any such motion shall be entitled to receive its costs and attorneys' fees from the non-prevailing Party upon a finding by the Court that the positions taken by the non-prevailing Party were objectively unreasonable. If the receiving Party does not file a motion for a determination, and unless otherwise ordered by the Court, the challenged designation shall stand. No Party shall be obligated to challenge the propriety of the designation of Confidential

information and/or Highly Confidential information at the time of production, and a failure to do so shall not preclude a subsequent objection to the propriety of such designation.

15.     Notwithstanding the disclosure or production of Protected Material, the producing Party reserves the right to object to any disclosure of information or production of any documents it deems confidential on any other ground it may deem appropriate. The designation of Confidential Information and/or Highly Confidential Information pursuant to this Protective Order shall not create any presumption with respect to the confidential, proprietary or trade secret nature of any information, documents or things.

### *Filing and Using Documents Designated as Protected Information with the Court*

16.     Without written permission from the designating Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any document which is or contains Protected Material.  The following procedure shall apply with respect to all court filings in this action that include documents that are or contain Protected Material: (1) where a Party files in the record any document which is or contains Protected Material (the "Filing Party") that Initial Filing must be made under seal (the "Initial Filing"); (2) within 5 business days of the Initial Filing, the Party that designated the information or document as Protected Material (the "Designating Party") must provide the Court with an explanation of why the Protected Material should remain under seal; and (3) within 5 business days of the Court's determination of whether the Protected Material should remain under seal, the Filing Party must file a public version of the document redacting those portions of the filing confirmed by the Court to be filed under seal.

17.     In order to facilitate the open exchange of information and limit the burden on the Parties, the Parties agree that there shall be no redaction of material designated as Protected

Material between the Parties' respective outside counsel of record (*i.e.*, redactions are appropriate only when submitting such materials to the Court), except where the redaction contains information that is protected from discovery by the attorney-client privilege or the work product immunity doctrine.

### *Exceptions to Protected Information Designation*

18.     The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

   a)  was, is or becomes public knowledge, not in violation of this Protective Order;

   b)  is already in the possession of a Party receiving such information without any confidentiality obligations at the time of the disclosure;

   c)  was or is disclosed by a Third Party that was or is not subject to any confidentiality obligations at the time of the disclosure; or

   d)  was, is or becomes expressly released from being designated Confidential information, Highly Confidential information or Highly Confidential-Source Code information, by the producing Party or by order of the Court.

### *Other Proceedings*

19.     Should any Party or Qualified Person, or their agents or representatives, receive notice of any subpoena or other compulsory process commanding disclosure of Protected Material received from a producing Party in this Action, such Party or Qualified Person shall within two (2) days (if there are fewer than ten (10) days to comply), or at least seven (7) business days prior to the due date of compliance (if there are ten (10) or more days to comply), serve written notice of the request on outside counsel of record for the producing Party prior to responding to the request so that the producing Party may take any action deemed necessary and

appropriate to protect its Protected Material. It shall be the responsibility of the producing Party to obtain relief from the subpoena or order prior to the due date of compliance. In the event that the producing Party seeks relief from the appropriate Court, the Party or Qualified Person that received the request for Protected Material shall not produce any Protected Material until ordered by the Court to do so, and shall thereafter do so only insofar as the Court may direct, unless such Qualified Person or Party concludes, upon advice of outside counsel of record, that failure to produce the Protected Material requested would constitute a violation of lawful process.

### *Conclusion of the Action*

20.     Upon the final determination of this Action, whether by trial, appeal, settlement or other disposition, and upon notice from a producing Party, counsel of record for each Party who has received Protected Material shall, at the option of the receiving Party, either (i) assemble and return to the producing Party, or (ii) destroy, all such Protected Material, including copies thereof that are in the possession of any Qualified Person, and all copies retained on all electronic media and backup media (including digital and magnetic tapes), servers, hard drives and/or other media, within one hundred twenty (120) days of said notice from the producing Party. Copies of materials constituting the work product of such counsel of record, including, without limitation, memos, court filings, and deposition transcripts, that contain Protected Material may be retained by outside counsel of record for each Party that received such documents and information. Counsel for each Party may retain a single set of documents produced by the producing Party, and all other copies of such materials shall be returned to the producing Party or destroyed. The terms of this Protective Order shall apply to the retained copies.

*Non-Party Information*

21.     Any non-party to this Action that provides documents or other information to any Party or Qualified Person during this Action shall be entitled to avail itself of the provisions and protections of this Protective Order by serving written notice on the Parties invoking the specific terms of this Protective Order and by making production consistent with it. By doing so, such non-party shall assume the duties and obligations imposed hereby. However, only the Qualified Persons specifically defined in this Protective Order are entitled to see Protected Material produced by the non-party.

22.     Should any Party obtain documents or information from a non-party to this Action, by subpoena or otherwise, that contains, or can reasonably be assumed to contain, Protected Material of the non-party, the receiving Party shall treat such documents or information as Protected Material under this Protective Order, unless the non-party that owns such Protected Material expressly releases in writing the receiving Party from the obligations under this Paragraph or unless otherwise ordered by the Court.

23.     For any documents or information that the Parties are obligated to keep confidential either through a court order and/or an existing agreement with a non-party, the Party with any such obligation shall promptly notify any such non-party that such documents or information is being requested in this matter and use reasonable efforts to obtain the necessary consent by any such non-party to produce such document or information, and promptly notify the requesting Party whether or not such consent has been provided.

24.     A non-party's use of this Protective Order to protect its "Confidential," "Highly Confidential," or "Highly Confidential-Source Code" information does not entitle that non-party access to "Confidential," "Highly Confidential" or "Highly Confidential-Source Code" information produced by any Party in this Action.

25.     Should any Party inadvertently produce documents subject to attorney-client privilege and/or work product protection, the producing Party may recall such documents by notifying the receiving Party in writing of the inadvertent production and the basis for the claim of attorney-client privilege and/or work product protection. Upon such notification, the receiving Party and Outside Counsel for the receiving Party shall return to the producing Party or Third Party all documents and things containing information claimed to be subject to any privilege or immunity, along with any notes or summaries referring or relating to those documents and things, or certify destruction thereof, within ten (10) days, except that where the receiving Party submits a motion, or other request, with the Court within ten (10) days challenging the claim of privilege or immunity, return or destruction may be postponed until the date upon which such motion or request is resolved. The receiving Party, however, shall not sue or rely upon any information produced and claimed to be subject to any privilege or immunity during the pendency of any motion or request challenging such claim. The inadvertent production shall not be a basis for any finding that the attorney-client privilege and/or work product protection has been waived in connection with any such challenge to the producing Party's claim. Returning or destroying inadvertently produced materials shall not constitute an acknowledgment that the information contained in the materials is privileged or immune from discovery.

26.     Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts of consulting experts, shall not be discoverable. Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this Action. No discovery can be

taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this Action. No conversations or communications between any testifying or consulting expert and outside counsel of the Party who retained the testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this Action.

27.     If a receiving Party learns that, by inadvertence or otherwise, it has disclosed a producing Party's Protected Material to any person or in any circumstance not authorized under this Protective Order, the receiving Party must promptly (a) notify in writing the producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the protected documents or information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute a suitable non-disclosure agreement. Unauthorized or inadvertent disclosure does not change the status of protected documents or information or waive the right to hold the disclosed documents or information as protected by this Order.

### *Miscellaneous*

28.     The Court has and shall retain jurisdiction to make amendments, modifications and additions to this Protective Order as the Court may from time to time deem appropriate. This Protective Order is without prejudice to the right of any Party to seek from the Court modification of or additions to any provision contained in it at any time after notice to the other Parties. Any Party may apply to the Court for amendment of, modification of, or addition to this

Protective Order at any time. This Protective Order shall survive the final determination of this Action and shall remain in full force and effect after the conclusion of all proceedings herein in order to provide a court with jurisdiction to enforce its terms and to insure compliance herewith.

29.     Nothing contained herein shall preclude a producing Party from using or disseminating its own Protected Material or from waiving any provision of this Protective Order with respect to any such documents or information produced by that Party.

30.     Nothing in this Protective Order shall bar or otherwise restrict a Party's outside counsel from rendering advice to his or her client with respect to the Action, and in the course thereof, from generally relying upon their examination of Protected Material. In rendering such advice or in otherwise communicating with the Party, outside counsel shall not disclose the specific content of any Protected Material except as allowed in this Protective Order.

31.     Nothing herein shall be construed to preclude disclosure of documents to any person to whom such documents were disclosed prior to entry of this Protective Order by the Court, provided such prior disclosure was not contrary to or in violation of this Protective Order or any other agreement between the Parties hereto.

Dated: October 2, 2017

SO ORDERED:

/S/ Cheryl Pollak

Cheryl L. Pollak
United States Magistrate Judge

23

The Parties to this Action hereby stipulate to the entry of this Protective Order.

Dated: September 29, 2017

/s/ Paul B. Keller
Paul B. Keller

NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, New York 10019-6022
Telephone: 212.318.3000
Facsimile: 212.318.3400
paul.keller@nortonrosefulbright.com

OF COUNSEL
David H. Ben-Meir
John A. O'Malley
Michelle L. Mello
Kelsey Ann Maher

NORTON ROSE FULBRIGHT US LLP
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone: 213.892.9200
Facsimile: 213.892.9494
david.ben-meir@nortonrosefulbright.com
john.omalley@nortonrosefulbright.com
michelle.mello@nortonrosefulbright.com
kelsey.maher@nortonrosefulbright.com

James G. Warriner

NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Telephone: 512.536.5201
Facsimile: 512.536.4598
jim.warriner@nortonrosefulbright.com

*Attorneys for Plaintiff Uni-Systems, LLC*

/s/ Maxwell J. Petersen
Maxwell J. Petersen

Maxwell J. Petersen
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams
Suite 300
Chicago, Illinois 60661
Telephone: 312-463-3386
EMAIL: Maxwell.Petersen@lewisbrisbois.com

David M. Pollack
Lewis Brisbois Bisgaard & Smith LLP
77 Water Street
Suite 2100
New York, New York 10005
Telephone: 212.232.1300
EMAIL: david.pollack@lewisbrisbois.com

*Attorneys for Defendant Rossetti Inc.*

/s/ Ethan Horwitz
Ethan Horwitz

Ethan Horwitz
Vitaly David Rivkin
Gabriella Sofia Paglieri

CARLTON FIELDS JORDEN BURT, P.A.
405 Lexington Avenue
29th Floor
New York, New York 10174
Telephone: 212.785.2577
Facsimile: 212.785.5203
ehorwitz@cfjblaw.com
drivkin@cfjblaw.com
gpaglieri@carltonfields.com

*Attorney for Defendants Hunt Construction Group, Inc.
and United States Tennis Association, Inc.*

/s/ Douglas E. Ringel
Douglas E. Ringel

Dyan M. Finguerra-DuCharme
PRYOR CASHMAN
7 Times Square
New York, New York 10036
Telephone: 212.326.0443
Facsimile: 212.798.6307
dfinguerra-ducharme@pryorcashman.com

Scott T. Bluni
Suzanne Parker
KACVINSKY DAISAK BLUNI PLLC
50 Doaks Lane
Marblehead, MA 01945

Douglas E. Ringel
KACVINSKY DAISAK BLUNI PLLC
655 15th St. NW
Washington, DC 20005

*Attorney for Defendants Hardesty & Hanover, LLC and Hardesty & Hanover, LLP*


/s/ Natalie C. Clayton
Natalie C. Clayton
Andrew Ligotti
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel: (212) 210-9573
Email: natalie.clayton@alston.com

Brian R. Mertes
James M. Wherley
BLACK McCUSKEY SOUERS & ARBAUGH, LPA
220 Market Avenue South
Suite 1000
Canton, Ohio 44702
Telephone: (330) 456-8341
Telefax: (330) 456-5756
Email: bmertes@bmsa.com


/s/ Pasquale A. Razzano
Pasquale A. Razzano

Pasquale A. Razzano
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800

Telephone: (212) 218-2253

*Attorney for Defendant Geiger Engineers, PC*

## EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - X
:
UNI-SYSTEMS, LLC,                                :
:
       Plaintiff,                            :
:
       -against-                                :
:
UNITED STATES TENNIS                             :    CIVIL ACTION NO. 1:17-CV-00147 (KAM-
ASSOCIATION, INC., ROSSETTI INC.,                :    CLP)
HUNT CONSTRUCTION GROUP, INC.,                   :
HARDESTY & HANOVER, LLC,                          :    **Stipulated Protective Order**
HARDESTY & HANOVER LLP,                           :
MORGAN ENGINEERING SYSTEMS,                       :
INC., and GEIGER ENGINEERS, P.C.                  :
:
       Defendants.                           :
:
:
:
:
:
:
- - - - - - - - - - - - - - - - - - - - - - - - X

Under penalty of perjury, I declare the following to be true and correct:

(a)     I am not an employee of any Party in the proceeding pending in the United States District Court for the Eastern District of New York and entitled *Uni-Systems, LLC. v. United States Tennis Association, Inc., et al.*, Civil Action No. 1:17-cv-00147 (KAM-CLP) (the "Action"), and I do not have any employment or intended employment with any Party;

(b)     I have read the Protective Order dated , 2017, and entered in the Action and agree to be bound by all of the terms and conditions hereof and to subject myself to the jurisdiction of the Court for enforcement thereof;

27

(c)     I will limit the disclosure of Protected Material within my own organization to those persons who are (i) reasonably necessary in support of the tasks explicitly delegated or assigned to such person in the context of the Action, and (ii) Qualified Persons as that term is defined in the Protective Order;

(d)     I will have access solely to Protected Material that, in the judgment of outside counsel of record for the Party by whom I have been retained, is reasonably necessary to permit me to render my expert services, and I will use any Protected Material solely for purposes of the Action (and any appeals thereof) and for no other purpose whatsoever and shall not use said information or materials in any other or subsequent employment, engagement, or proceeding of any nature whatsoever;

(e)     I will keep and maintain all Protected Material in a safe and secure fashion in order to ensure that such documents or information are not made accessible to any person not qualified under this Protective Order to receive them; and

(f)     I will, within sixty (60) days of the termination of the Action (and the exhaustion of all appeals thereof), either (1) return all Protected Material then in my possession to outside counsel of record for the Party by whom I have been retained, including all notes, abstracts, summaries, memoranda and other documents containing or making reference to any Protected Material; or (2) destroy all copies of Protected Material containing any notes or other markings and all notes, abstracts, summaries, memoranda and other documents containing or making reference to any Protected Material and provide a certificate of compliance to the Party that has retained me.

_____          _____
Date                            Signature

                                _____
                                Name

                                _____
                                Title

                                _____
                                Address

## EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - X

UNI-SYSTEMS, LLC,

        Plaintiff,

    -against-

UNITED STATES TENNIS
ASSOCIATION, INC., ROSSETTI INC.,
HUNT CONSTRUCTION GROUP, INC.,
HARDESTY & HANOVER, LLC,
HARDESTY & HANOVER LLP,
MORGAN ENGINEERING SYSTEMS,
INC., and GEIGER ENGINEERS, P.C.

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - X

CIVIL ACTION NO. 1:17-CV-00147 (KAM-CLP)

**Stipulated Protective Order**

Under penalty of perjury, I declare the following to be true and correct:

(a)    I am[insert title] for, a Party in the proceeding pending in the United States District Court for the Eastern District of New York and entitled *Uni-Systems, LLC. v. United States Tennis Association, Inc., et al.*, Civil Action No. 1:17-cv-00147 (KAM-CLP) (the "Action");

(b)    I have read the Protective Order dated _____, 2017, and entered in this Action and agree to be bound by all of the terms and conditions hereof and to subject myself to the jurisdiction of the Court for enforcement thereof;

(c)     In the absence of written permission from the producing Party, or an order from the Court, I agree to hold in confidence all Protected Material produced by the producing Party and disclosed to me pursuant to the terms of the Protective Order and will use any Protected Material produced by the producing Party solely for purposes of this Action (and any appeals thereof) and for no other purpose whatsoever;

(d)     I will keep and maintain all Protected Material produced by the producing Party in a safe and secure fashion in order to ensure that such documents or information are not made accessible to any person not qualified under this Protective Order to receive them; and

(e)     I will, within sixty (60) days of the termination of the Action (and any appeals thereof), return all Protected Material produced by the producing Party then in my possession to outside counsel of record for the producing Party. Within said time period, I will also destroy all copies of Protected Material containing any notes or other markings and all notes, abstracts, summaries, memoranda and other documents containing or making reference to any Protected Material.

_____          _____
Date                                            Signature

                                                _____
                                                Name

                                                _____
                                                Title

                                                _____
                                                Address

# United States District Court
## Eastern District of New York

*Documents must not be filed under seal or ex parte unless the court has granted a motion for leave to file under seal. Please follow these steps.*

## Steps for E-filing Sealed Documents - *Civil* Cases

1.  **Attorney e-files a Motion for leave to e-file a Sealed Document. The proposed document(s) to be e-filed under seal must be an attachment to this filing.**

    A Notice of Electronic Filing (NEF) will be sent to all case participants.

    At the time of this filing, the Docket Entry will be **public,** but the attached Motion and Proposed Sealed Document(s) will be **sealed.** (Even the filing party will not have access to the attached documents through ECF.)

2.  **Judge will enter an order ruling on the Motion for Leave to file Sealed Document(s):**

    A Notice of Electronic Filing (NEF) will be sent to all case participants.

    At the time of this filing, the Docket Entry of the Judge's order will be **public,** but the attached order will be **sealed.**

    ***If the Order grants the Motion for Leave to e- file Sealed Document*** - a prompt will direct the attorney to file the Sealed Document(s) again, using the appropriate <u>Event</u> and the <u>Sealed Document event.</u>

    **For example; to e-file a Sealed Motion to Compel:**
    **Under Motions: select both the Sealed Document <u>and</u> Compel events.**

    **Both selections should appear in the Selected Events box.**

    The NEF will include a link to EDNY's instructions on how to e-file sealed documents, which is posted on our website.

    ***If Order denies the Motion for Leave to e- file Sealed Document,*** a prompt will notify attorney that they are not allowed to e-file the Document as a Sealed Document. The attorney may then choose to either e-file it as a public document or not to file it.

<u>Note</u>: E-filing a motion for leave to e-file as sealed document is not the same as the e-filing of a motion for leave to e-file an <u>ex parte</u> document. An <u>ex parte</u> document is viewable by court staff and the filing party. A sealed document is viewable only by those with sealed access to the case.

Revised 06/29/2017