```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
    UNI-SYSTEMS LLC,

                            Plaintiff,
                                                                    ORDER
                    -against-                              17 CV 147 (KAM) (CLP)

    U.S. TENNIS ASSOCIATION et al.,

                            Defendants.
----------------------------------------------------------- X
```

**POLLAK**, United States Magistrate Judge:

Plaintiff Uni-Systems, LLC brings this action against the United States Tennis Association, Inc. ("USTA"), Rossetti, Inc. ("Rossetti"), Hunt Construction Group, Inc. ("Hunt"), Hardesty & Hanover LLC and Hardesty & Hanover LLP (collectively "Hardesty"), Morgan Engineering Systems, Inc. ("Morgan"), and Geiger Engineers, P.C. ("Geiger") (collectively, "defendants"), asserting a variety of patent infringement claims against all defendants, as well as trade secret claims and an unfair competition claim against Hardesty and Hunt (the "Trade Secret Defendants"), all flowing from defendants' involvement in the construction and maintenance of certain retractable stadium roofs. (See Compl., ECF No. 1).

The parties have raised several issues regarding discovery in this matter, which the Court addresses below.

## A. Motions to Seal

The Court has reviewed the various documents sought to be filed under seal and makes the following rulings:

- The sub-contract agreement between Hunt and Uni-Systems is a confidential agreement sought to be filed in connection with discovery, and the Court therefore concludes that it shall be filed under seal. (See Hunt's Mot. to File Under Seal, Oct. 11, 2017, ECF No. 135).

- Uni-Systems has withdrawn its confidentiality designations regarding the transcript of the September 6, 2017, and the Court therefore denies the motion to file the transcript under seal as moot. (See Hardesty & Hanover's Mot. to File Under Seal, Oct. 16, 2017, ECF No. 143).

- Uni-Systems' responses to Hunt and Hardesty's interrogatories contain confidential and trade secret information, and the Court therefore grants the motion to file those materials under seal in connection with the parties' discovery disputes. (See Hardesty's Mot. to File Under Seal, Oct. 16, 2017, ECF No. 143). Hardesty's requests that the interrogatory responses be "published" through the Court's CM/ECF system are denied. (See Hardesty & Hanover's Mot., Oct. 24, 2017, ECF No. 155).

- Uni-Systems' has withdrawn its request to file as "Exhibit A" excerpts from certain settlement-related discovery responses under seal because the parties agree that the subcontract, but not its attachments, may be filed on the public docket. The Court therefore denies the motion as moot. (See Uni-Systems' Mot. to File Under Seal, Oct. 18, 2017, ECF No. 149; Uni-Systems' Reply, Oct. 25, 2017, ECF No. 158). In its reply, Uni-Systems argues that settlement communications other than the specific excerpts to which the parties have agreed should remain confidential and should not be filed on the public docket. (See Uni-Systems' Reply at 2). No party has sought to

file settlement communications beyond the agreed upon excerpts, and the Court therefore need not reach the issue at this time.

### B. The Parties' Discovery Disputes

The parties have submitted several filings regarding their positions as to outstanding discovery, but the filings to date lack the clarity and specificity necessary for the Court to decide the disputes. It also appears that many of the potential disputes should be resolved or narrowed at a meet-and-confer made in good faith by all parties. At such a conference, the parties may exchange information that will provide them with a basis upon which to narrow or modify their requests and objections. The parties are therefore Ordered to meet and confer regarding all outstanding discovery disputes no later than November 13, 2017. During those meetings, they are Ordered to attempt in good faith to resolve or narrow the issues in dispute and to flesh out the details of any objections with specificity.

The parties shall then file one joint letter of no more than 15 pages by November 20, 2017, setting forth the specific relief sought by each party, as well as each opposing party's position with respect to the relief sought.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
November 3, 2017

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

file settlement communications beyond the agreed upon excerpts, and the Court therefore need not reach the issue at this time.

## B. The Parties' Discovery Disputes

The parties have submitted several filings regarding their positions as to outstanding discovery, but the filings to date lack the clarity and specificity necessary for the Court to decide the disputes. It also appears that many of the potential disputes should be resolved or narrowed at a meet-and-confer made in good faith by all parties. At such a conference, the parties may exchange information that will provide them with a basis upon which to narrow or modify their requests and objections. The parties are therefore Ordered to meet and confer regarding all outstanding discovery disputes no later than November 13, 2017. During those meetings, they are Ordered to attempt in good faith to resolve or narrow the issues in dispute and to flesh out the details of any objections with specificity.

The parties shall then file one joint letter of no more than 15 pages by November 20, 2017, setting forth the specific relief sought by each party, as well as each opposing party's position with respect to the relief sought.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
November 3, 2017

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

3