UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
UNI-SYSTEMS, LLC,

                Plaintiff,

       -against-                       **MEMORANDUM AND ORDER**
                                         17 CV 147 (KAM) (CLP)

U.S. TENNIS ASSOCIATION, *et al.*,

                Defendants.
---------------------------------------------------------- X
**POLLAK**, United States Magistrate Judge:

      Plaintiff Uni-Systems, LLC brings this action against the United States Tennis Association, Inc. ("USTA"), Rossetti, Inc. ("Rossetti"), Hunt Construction Group, Inc. ("Hunt"), Hardesty & Hanover LLC and Hardesty & Hanover LLP (collectively "Hardesty"), Morgan Engineering Systems, Inc. ("Morgan"), and Geiger Engineers, P.C. ("Geiger") (collectively, "defendants"), asserting a variety of patent infringement claims against all defendants, as well as trade secret claims and an unfair competition claim against Hardesty and Hunt (the "Trade Secret Defendants"), all flowing from defendants' involvement in the construction and maintenance of certain retractable stadium roofs. (See generally Compl., ECF No. 1).

      The Court held a telephone status conference on March 14, 2018 to address the issues raised by the parties' joint status report (Status Report, Feb. 7, 2018, ECF No. 215), to discuss the defendants' motion under Local Civil Rule 30.1 (Rule 30.1 Mot, Feb. 12, 2018, ECF No. 218), and to set a schedule for the expeditious resolution of this litigation. (See Minute Entry, Mar. 14, 2018, ECF No. 226). This Order sets forth the Court's rulings from the conference and with respect to the outstanding motions.

1

**A. The March 14, 2018 Conference**

　1. Background

This Court addressed the scope of discovery in this case and the issues presented by discovery in the trade secrets litigation in its September 2017 Memorandum and Order, familiarity with which is assumed. See Uni-Systems, LLC v. U.S. Tennis Ass'n, No. 17 CV 147, 2017 WL 4081904, at *3-5 (E.D.N.Y. Sept. 13, 2017), ECF No. 114. The Trade Secret Defendants now seek to compel better answers to four interrogatories they served on plaintiff on March 24, 2017. (See Status Report at 1-2).

　2. Interrogatories No. 2 and 3

With respect to Interrogatories No. 2 and 3, the Trade Secret Defendants explained that they require more detailed answers to enable them, for example, to "test" the plaintiff's claims that it has taken appropriate precautions to maintain trade secret protection. Plaintiff contends that it is not proportional to the needs of this case to require it to list each of its trade secrets and the way in which each was used in each project going back decades, especially since most such trade secrets are not at issue in this case. Plaintiff also argues that it does not yet know the full extent of the trade secrets misappropriated, especially since defendants continue to produce responsive documents to this day. Moreover, plaintiff claims that the interrogatories are extremely overbroad, which makes it difficult to formulate an appropriate response. Nonetheless, plaintiff agrees to respond based on its current knowledge and supplement its responses as it discovers more information.

Based on the discussion during the conference, the Court Orders the plaintiff to supplement its responses to Trade Secret Defendants' Interrogatories No. 2 and 3 by April 2, 2018, based on the trade secrets known and information available to plaintiff at the time of the

response. Plaintiff shall identify other projects in which the relevant trade secrets (*i.e.*, the trade secrets it has identified as at issue in this litigation as of the date of the response) were used. Plaintiff need only identify projects in which the relevant trade secrets were somehow implemented or manifest in the project, but need not identify, for example, projects in which an employee considered a trade secret, but into which project such trade secret was not actually incorporated.

3. Interrogatory No. 4

With respect to Interrogatory No. 4, the Trade Secret Defendants argue that the interrogatory seeks information about the core facts of misappropriation. At the conference, counsel set forth several discrete questions calling for specific information that counsel claims are "subsumed" within Interrogatory No. 4. Plaintiff contends that those specific questions do not actually appear in the text of the Interrogatory served upon plaintiff, but are just examples of questions suggested by the text and which demonstrate the interrogatory's overbreadth. Plaintiff further argues that some of the information sought may be protected by privilege.

During the conference, the Court Ordered the Trade Secret Defendants to put in writing the specific questions raised during the hearing and serve them as interrogatories on the plaintiff. Plaintiff shall then respond to those interrogatories to the best of its ability within twenty-one (21) days thereafter, and shall state with specificity any objections based on privilege. To the extent a claim of privilege is raised, plaintiff shall provide a basis for that claim and shall provide a privilege log to the extent that a claim of privilege is being asserted as to documents withheld on the basis of privilege.

With respect to all of the interrogatories, including Interrogatory No. 1, which plaintiff has also agreed to supplement by April 2, 2018,[1] plaintiff has a continuing obligation to supplement its responses to these interrogatories as discovery proceeds. See Fed. R. Civ. P. 26(e)(1)(B) (requiring a party to supplement its response "as ordered by the court," even in the absence of the factors identified in Rule 26(e)(1)(A)). As discovery in this case proceeds, the Court will expect the plaintiff to identify its claimed trade secrets with increased specificity and to provide justification for the inclusion of trade secrets identified late in the process. See Uni-Systems, LLC v. U.S. Tennis Ass'n, 2017 WL 4081904, at *5 n.1 (explaining that a trade secrets plaintiff must "meet a heightened particularity requirement [in describing its trade secrets] after discovery").

4. Responses to Plaintiff's Discovery Requests

Plaintiff advised the Court that although there are several issues relating to plaintiff's requests for discovery that may require the Court's attention, the plaintiff believes it would be beneficial to meet and confer further with the defendants prior to raising any disputes with the Court. Accordingly, the parties are Ordered to meet and confer regarding any issues or deficiencies plaintiff identifies in defendants' discovery responses. By April 2, 2018, plaintiff shall write a letter to the Court either advising that the outstanding issues have been resolved, or setting forth any discovery disputes that require the Court's attention.

---

[1] As agreed among the parties, the plaintiff shall remove publicly available information from its interrogatory response describing its trade secrets. (See Pl.'s Letter at 2, Mar. 8, 2018, ECF No. 222).

5. Discovery Related to the Patent Claims

The defendants brought to the Court's attention that although the parties agreed to a schedule under the Local Patent Rules as part of their Joint Rule 26(f) Report, the parties had not adhered to those deadlines and had failed to raise the issue with the Court. (See Rule 26(f) Report at 13-16, Sept. 29, 2017, ECF No. 125). All parties agree that they should proceed with discovery related to the patent infringement claims.

It is Ordered that plaintiff's Disclosure of Asserted Claims and Infringement Contentions required by Local Patent Rule 6 shall be served no later than April 16, 2018. No later than April 2, 2018, the parties shall submit a joint letter proposing a revised schedule for the remaining items required under the Local Patent Rules.

**B. Hardesty's Motion to File Under Seal**

On February 7, 2018, Hardesty filed a motion for leave to file documents under seal in connection with the Joint Status Report. (See Mot. to File Under Seal, Feb. 7, 2018, ECF No. 216). The documents contain confidential information presented to the Court solely in connection with a discovery dispute, and the Court concludes there is good cause to allow the documents to be filed under seal. See Johnson v. Federal Bureau of Prisons, No. 16 CV 3919, 2017 WL 5197143, at *3 (E.D.N.Y. Nov. 9, 2017) (quoting United States v. Amodeo ("Amodeo II"), 71 F.3d 1044, 1050 (2d Cir. 1995)). The motion for leave to file under seal is therefore granted.

**C. Deposition Costs Under Local Civil Rule 30.1**

1. Background

Defendant Hunt has moved for an Order requiring plaintiff "to pay the expenses (including a reasonable counsel fee) for the attendance of one attorney for each party who wishes

to attend a deposition noticed by Hunt of [p]laintiff's 30(b)(6) deponent in Miami, Florida." (Rule 30.1 Mot. at 1, Feb. 12, 2018, ECF No. 218). Hunt acknowledges that Mr. Silberman, who is the primary if not exclusive member of Uni-Systems LLC, "suffers from a chronic condition that prevents him from traveling to New York" (id.), and that his physical condition has deteriorated since this suit was filed. (See id. at 2). Nonetheless, Hunt argues that "[i]f Uni-Systems is effectively just one person, Cyril Silberman, then Uni-Systems should pay defendants their additional costs and fees that will be incurred due to Uni-Systems' refusal to attend a deposition in the District in which it brought this action." (Id.)

Plaintiff Uni-Systems opposes the motion. (See Pl.'s Opp'n at 1-2, Feb. 20, 2018, ECF No. 220). In plaintiff's view, the exercise of a court's discretion to order cost-shifting under the local rule is appropriate in circumstances not present in the current case. (See id. at 1). According to plaintiff, "[w]here, as here, the costs associated with traveling outside the 100-mile radius would not impose an undue financial hardship and are not disproportionate to the overall damages sought in the case, courts have refused to allocate costs under Local Rule 30.1." (Id. (citing Windsor Secs, LLC v. Arent Fox LLP, 271 F. Supp. 3d 665, 667 (S.D.N.Y. 2017)). It is also argued that several of the defendants, including Hunt, are represented by counsel who reside outside of New York and who would incur travel and other expenses regardless of where the deposition takes place. (See id. at 2). Plaintiff also observes that the law firm which represents two of the defendants has offices in downtown Miami, where plaintiff has offered to hold the deposition. (Id.)

2. Analysis

Local Civil Rule 30.1 provides that:

> [w]hen a deposition upon oral examination is to be taken at a place more than one hundred (100) miles from the courthouse, any party

> may request the Court to issue an order providing that prior to the examination, another party shall pay the expense (including a reasonable counsel fee) of the attendance of one attorney for each other party at the place where the deposition is to be taken. The amounts so paid, unless otherwise directed by the Court, may be taxed as a cost at the conclusion of the action or proceeding.

L. Civ. R. 30.1. Nonetheless, the deeply entrenched default rule in American litigation is that each party bears its own costs attendant to discovery. See, e.g., Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358 (1978). The Local Rule does not alter that presumption, but instead simply recognizes that there are circumstances in which courts may depart from the norm to ensure just outcomes. Thus, "[w]hether or not to award such expenses, and whether or not to tax them as costs at the conclusion of the case, remain in the discretion of the Court." Committee Note to L. Civ. R. 30.1.

In exercising their discretion under the local rule, courts assess the totality of the circumstances and "weigh the equities of reallocating discovery costs where the strategic choices of one party would cause another to incur inordinate expense." Treanor v. Marriott Intern., Inc., No. 12 CV 4674, 2013 WL 5796513, at *1 (E.D.N.Y. Oct. 28, 2013) (quoting Teen Model v. Blood is the New Black, No. 11 CV 5766, 2012 WL 5838185, at *1 (S.D.N.Y. Oct. 12, 2012)); see also Windsor Secs., LLC v. Arent Fox LLP, 271 F. Supp. 3d 665, 666-67 (S.D.N.Y. 2017) (collecting cases). As one court has opined, "the importance of the evidence sought from the witnesses is one of the more critical considerations." Windsor Secs., LLC v. Arent Fox LLP, 271 F. Supp. 3d at 667. This Court agrees: the importance of the evidence to the lawsuit strongly determines in significant part whether the expense a party will incur in taking a deposition is proportional to the needs of the case.

The circumstances of this case do not warrant the exercise of the Court's discretion under Local Civil Rule 30.1 to shift the costs of Mr. Silberman's deposition. There appears to be no

dispute that Mr. Silberman's health prevents him from travelling to New York and there does not appear to be any strategic or tactical litigation posturing that is being employed by plaintiff in requesting that Mr. Silberman's deposition be taken where he resides. Moreover, all parties agree that Mr. Silberman plays a crucial role in Uni-Systems' operations and that his testimony as a witness under Rule 30(b)(6) will be central to the issues in this litigation. These factors militate against cost shifting.

Moreover, the defendants in this case are all fairly large corporate entities, not individuals, and there has been no showing that to depose Mr. Silberman in Miami would cause any of them undue hardship. Indeed, as plaintiff notes, the law firm that represents two of the defendants has an office and attorneys in Miami, and the attorney for Hunt who requested the cost-shifting order and signed the Local Rule 30.1 motion provides as his office address a location in Alexandria, Virginia. Thus, it appears that he would be required to travel regardless of the deposition's location. While other counsel in this case maintain offices in New York, many of them also have access to offices in Miami and more importantly, have failed to persuade the Court that they would be unduly burdened by traveling there.

As the Court explained during the conference, counsel need not even incur the expense of traveling to Miami, for the Federal Rules of Civil Procedure and the Local Rules provide numerous mechanisms by which clients or attorneys seeking to reduce costs may efficiently take discovery without the costs attendant to travel. For example, the Federal Rules explicitly provide that the parties may take a deposition "by telephone or other remote means" either by stipulation or upon order of the court. Fed. R. Civ. P. 30(b)(4). Thus, the Local Rule immediately following the one on which Hunt relies prescribes that "[t]he motion of a party to take a deposition of an adverse party by telephone or other remote means will presumptively be

8

granted." L. Civ. R. 30.2. Such provisions are consistent with the overarching goal of the Federal Rules, namely, "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Indeed, courts have universally recognized that depositions conducted remotely are a valid, reliable, efficient, and cost-effective method of obtaining required discovery without needless expense. See, e.g., Davis v. Farrell, No. 16 CV 4874, 2017 WL 2817051, at *2-3 (E.D.N.Y. June 29, 2017) (recognizing deposition via Skype as acceptable alternative if defendant could demonstrate undue burden of traveling from New Hampshire to New York); Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp., No. 15 CV 3533, 2017 WL 2840279, at *6 (S.D.N.Y. June 27, 2017) (allowing a deposition to take place via Skype); SEC v. Aly, 320 F.R.D. 116, 119 (S.D.N.Y. 2017) (requiring deposition to proceed by videoconference, which "is frequently a preferred solution to mitigate the burden of a deposition location inconvenient to one or both sides"); Estate of Gerasimenko v. Cape Wind Trading Co., 272 F.R.D. 385, 389 (S.D.N.Y. 2011) (explaining that "telephone depositions are a presumptively valid means of discovery") (citations and quotation marks omitted); Bywaters v. Bywaters, 123 F.R.D. 175, 176-77 (E.D. Pa. 1988) (allowing deposition to be conducted by phone and directing counsel to "hand" deponent documents by using a fax machine).

The circumstances of this case do not warrant an exercise of the Court's discretion to shift the costs of Mr. Silberman's deposition under Local Civil Rule 30.1. There is nothing unfair about requiring that Mr. Silberman's deposition to be taken where he resides, especially in light of his poor health. Accordingly, Hunt's motion is therefore denied. However, if Hunt or any of the other defendants wish to conserve resources, they may have their counsel conduct or attend the deposition of Mr. Silberman remotely, whether by telephone or other means, instead

of traveling to Florida. Any party that intends to appear at the deposition remotely must notify all other parties at least one week in advance and must make its own arrangements to attend remotely.

CONCLUSION

As explained herein, plaintiff shall supplement its responses to Trade Secret Defendants' Interrogatories Nos. 1, 2, and 3 by April 2, 2018. With respect to Interrogatory No. 4, the Trade Secret Defendants shall reduce the questions from the hearing to writing, and plaintiff shall respond within twenty-one days. Plaintiff shall continue to supplement its responses to trade secret discovery requests in a timely fashion. The parties shall meet and confer regarding any issues with respect to defendants' responses to plaintiff's discovery, and plaintiff shall file a letter addressing the issue by April 2, 2018. Hardesty's motion for leave to file documents under seal (ECF No. 216) is granted.

Plaintiff's disclosure required by Local Patent Rule 6 shall be served by April 16, 2018. The parties shall submit a joint letter proposing a revised schedule for the remaining submissions under the Local Patent Rules by April 2, 2018.

The request to shift costs associated with Mr. Silberman's deposition pursuant to Local Civil Rule 30.1 is denied. Counsel for any defendant may have their counsel attend the deposition remotely, but must provide at least a week's notice to all other parties and must arrange for such remote attendance.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
      March 15, 2018

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York