**CARLTON FIELDS**

ATTORNEYS AT LAW

Chrysler Building
405 Lexington Avenue | 36th Floor
New York, New York 10174-3699
212.785.2577 | fax 212.785.5203
www.carltonfields.com

Atlanta
Florham Park
Hartford
Los Angeles
Miami
**New York**
Orlando
Tallahassee
Tampa
Washington, DC
West Palm Beach

**Ethan Horwitz**
Shareholder
212-380-9617 Direct Dial
ehorwitz@carltonfields.com

March 6, 2020

Magistrate Judge Cheryl L. Pollak
U.S. District Court
Eastern District of New York
Chambers Room 120
Tel. (718) 613-2360

Re: *Uni-Systems, LLC v. USTA National Tennis Center Incorporated et al*,
<u>Case No. 1:17-cv-147-KAM-CLP</u>

Dear Judge Pollak:

Defendants Hunt Construction Group, Inc. ("Hunt") and USTA National Tennis Center Incorporated ("NTC") request a protective order from Plaintiff Uni-Systems, LLC's ("Uni-Systems") Notices of Deposition under Rule 30(b)(6)(1) to Daniel Zausner and Mark Flandermeyer. Hunt and NTC do not object to the depositions; they only request that Uni-Systems take designated 30(b)(6) depositions of these witnesses at the same time as the 30(b)(1) depositions. This is what Your Honor ordered for Plaintiff's witness. ECF 258 at 4.

Uni-Systems noticed the depositions of Mr. Flandermeyer of Hunt (Ex. A) and Mr. Zausner of NTC (Ex. B) under 30(b)(1).

– Mr. Flandermeyer is a Hunt Project Executive who was involved in three of the projects at issue. Specifically, Mr. Flandermeyer was involved in the planning of the construction of Arthur Ashe Stadium roof, all of the work leading up to Hunt's proposal for construction of Louis Armstrong Stadium, and he was in charge of all the structural construction work on Marlins Park Stadium.

– Mr. Zausner is the Chief Operating Officer of NTC. Mr. Zausner oversaw the planning and construction of the Arthur Ashe Stadium Roof and Louis Armstrong Stadium for NTC.

Magistrate Judge Cheryl L. Pollak
March 6, 2020
Page 2

      Both Mr. Flandermeyer and Mr. Zausner are likely corporate designees for many 30(b)(6) topics in this case. In view of this, counsel for Hunt and NTC requested that any 30(b)(1) deposition of these witnesses be taken together with any 30(b)(6) deposition of these witnesses. *See* Ex. C, January 29, 2020 Email from Horwitz to Corder ("These two witnesses would be the 30(b)(6) witnesses for most if not all of any reasonable 30(b)(6) Notice Uni-Systems may issue."). Hunt and NTC pointed out that this was no different from what Plaintiff demanded (ECF 256 at 3) and Your Honor ordered for the deposition of Plaintiff's witness Cyril Silberman (ECF 258 at 4).

      Uni-Systems claims it is not yet in a position to know what 30(b)(6) topics it will need. However, Uni-Systems filed this case over three years ago. In that time span, Hunt has produced over 1,250,000 pages of documents and NTC has produced an additional 170,000 pages; in addition there have been significant productions by other defendants. Presently, Uni-Systems has no outstanding disputes with Hunt or NTC's discovery responses.

      Despite the volume of discovery provided by defendants, Uni-Systems will not agree to provide 30(b)(6) deposition notices prior to the depositions of Mr. Zausner and Mr. Flandermeyer and to take the 30(b)(1) and 30(b)(6) deposition together. Instead, Uni-Systems proposes a series of unreasonable and improper conditions. *See* Ex. D, February 21, 2020, Email from Corder to Horwitz.[1] The present state of the case – *i.e.*, three years of discovery with no outstanding discovery disputes – do not justify any of these conditions.

---

[1] For example, Uni-Systems demands all Defendants "certify without qualification that they have produced all documents responsive to all outstanding document requests from Uni-Systems[]" before the depositions. *Id.*, item 1. Hunt and NTC are willing to agree that the document production will be substantially complete, namely, that relevant non-privileged documents found pursuant to the agreed upon ESI searches have been produced, but Uni-Systems declined this representation and made this demand which goes far beyond that and is unreasonable. The only way for Hunt and NTC to make this "certification" is to review every one of the many emails by all personnel who had any relationship to the projects; that effort is exactly what the parties' agreement about ESI was created to avoid by requiring a review only of documents found in a search limited to specific key people and specific search words; Uni-Systems agreed to these limitations and is now trying to renege.

Uni-Systems also demands that Hunt and NTC agree to resumption of the depositions "regardless of whether the time permitted for that deposition under the Federal Rules has expired" if "any Defendant" produces documents after the depositions that "relate to an issue about which Mr. Zausner or Mr. Flandermeyer are believed to have knowledge." *Id.* Item 5. Such an agreement would require Hunt or NTC to produce these witnesses for limitless depositions if any other defendant supplements its responses. Such an agreement would eviscerate the discovery limits embedded in the rules.

Magistrate Judge Cheryl L. Pollak
March 6, 2020
Page 3

      Accordingly, Hunt and NTC seek a protective order from the Court requesting Uni-Systems issue a 30(b)(6) deposition notice prior to the depositions of Mr. Zausner and Mr. Flandermeyer and order that the 30(b)(1) and 30(b)(6) depositions of these witnesses may occur in a timely and efficient manner.

      Respectfully submitted,

      CARLTON FIELDS, PA

      /s/Ethan Horwitz

      *Attorneys for Defendant Hunt Construction Group, Inc. and USTA National Tennis Center Incorporated*

cc: All counsel of record, via ECF