# NORTON ROSE FULBRIGHT

March 13, 2020

**Via ECF**

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York  10019-6022
United States

Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Direct line +1 212 408 5457
victoria.corder@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400
nortonrosefulbright.com

Re:  Uni-Systems, LLC v. United States Tennis Association, Inc., et al.,
Case 1:17-CV-00147-KAM-CLP –
Opposition to Motion for Protective Order and Cross Motion to Compel Depositions of Daniel Zausner and Mark Flandermeyer

Dear Judge Pollak:

On behalf of Plaintiff Uni-Systems, LLC ("Uni-Systems"), we write to oppose the motion of Defendants Hunt Construction Group ("Hunt") and USTA National Tennis Center Incorporated ("USTA NTC"), which requests a protective order preventing the depositions of Mr. Zausner and Mr. Flandermeyer from proceeding unless Uni-Systems takes corporate representative depositions for Hunt and USTA NTC, using those individuals, at the same time (the "Motion for a Protective Order" (Dkt. 414)).  Further, we cross move for an order, pursuant to Federal Rule of Civil Procedure 37, compelling Mr. Flandermeyer's and Mr. Zausner's depositions to take place at reasonable time after the present COVID-19 emergency has abated (the "Cross Motion to Compel").

Defendants are refusing to comply with legitimate discovery demands by creating a false dispute in order to ramp up Uni-Systems' costs with motion practice.  Uni-Systems has not yet noticed corporate representative depositions for Hunt or USTA NTC, given that Defendants are still producing documents and dispositive motions are pending before Judge Matsumoto.  As a result, Defendants' motion is premature.  At this point, neither Defendants nor Uni-Systems even know whether Mr. Flandermeyer and Mr. Zausner would be appropriate for the as-yet-to-be-determined corporate deposition topics, let alone whether Uni-Systems will take the entity depositions of Hunt and USTA NTC.  Defendants' motion turns the Federal Rules on their head by asking the Court to force Uni-Systems to take discovery it is not seeking at this juncture.  There is no authority to support Defendants' request that the Court force Uni-Systems to incur the expense and burden of taking premature corporate representative depositions when it has chosen to proceed first with fact depositions.

Uni-Systems properly noticed the depositions of Mr. Flandermeyer and Mr. Zausner for March 6 and 10, 2020.  Defendants refused to produce those witnesses on the noticed dates, provide Uni-Systems with alternative dates, or negotiate workable parameters for Uni-Systems to agree to compromise and take premature corporate representative depositions.  For these reasons, which

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

are explained further below, the Court should deny Defendants' motion and compel the fact depositions of Mr. Flandermeyer and Mr. Zausner.

I.   **Defendants' Motion For A Protective Order Should Be Denied**

Defendants' Motion for a Protective Order should be denied because it is premature. Uni-Systems has not yet served any 30(b)(6) deposition notices; it has only served 30(b)(1) notices. Indeed, the deposition notices for Mr. Flandermeyer and Mr. Zausner are the first two depositions that either party has sought in this case, other than the limited depositions taken for purposes of trade secret discovery, claim construction, and venue motion practice over a year ago. Because Uni-Systems has yet to serve any 30(b)(6) notices, neither Defendants nor Uni-Systems knows whether Mr. Flandermeyer or Mr. Zausner would be appropriate designees because the deposition topics have not been drafted, served, or negotiated. Moreover, it is possible that Uni-Systems could decide not to take entity depositions of Hunt or USTA NTC at all. Therefore, it is premature for Defendants to ask the Court to require Uni-Systems to take depositions that it has not noticed.

Defendants' request is also entirely improper. Defendants lack the authority to force a plaintiff to take *two additional* depositions, thus using up its allotted number of depositions and forcing Uni-Systems to incur the burden and expense associated with the same. Uni-Systems has chosen to proceed with fact depositions first before taking corporate representative depositions of Hunt and USTA NTC. Uni-Systems is not willing to risk taking entity depositions of Hunt and USTA NTC before it has discovered key facts from witnesses like Mr. Zausner and Mr. Flandermeyer who have firsthand knowledge of events underlying the dispute. Uni-Systems is well within its rights under the Federal Rules to utilize Rule 30(b)(1) rather than 30(b)(6), and that is what it has done.

Additional reasons for Uni-Systems' strategic decision to proceed with fact depositions first include the fact that the parties are still producing documents and meeting and conferring regarding document discovery disputes. Indeed, only two weeks ago on February 28, 2020, Defendants collectively produced 71,610 pages of documents that Uni-Systems is in the process of reviewing. A few weeks prior to that, Hunt produced a few thousand documents as well. And in the past two weeks, Defendants have served approximately 500 new document requests on Uni-Systems. There are *many* open issues regarding discovery that are not yet resolved and that disadvantage any corporate deposition. Moreover, dispositive motions are pending before Judge Matsumoto, including a motion to amend the complaint, which could affect the topics discussed in any deposition, but particularly at a 30(b)(6) deposition. In addition, there are other risks associated with agreeing to Defendants' request to take corporate representative depositions prematurely and in piecemeal fashion. As just one example, corporate representative depositions are each considered to be single depositions even if multiple persons are designated. *See* Moore's Federal Practice § 30.05[1][b] (3d ed. 2019) (citing the advisory committee notes to Fed. R. Civ. P. 30(a)). Therefore, if either Mr. Flandermeyer or Mr. Zausner is not an appropriate designee for all topics, it is entirely unclear what will happen to the remaining topics. And Defendants refused Uni-Systems' request that they agree to a compromise that addressed this issue and others. (*See* Exhibit A (Feb. 27, 2020 Email Chain) at pp. 2-3.)

In sum, Hunt and USTA NTC have not shown *any* grounds for granting a protective order. To the contrary, Defendants seek to burden Uni-Systems with expenses and costs associated with two

Honorable Cheryl L. Pollak
March 13, 2020
Page 3

NORTON ROSE FULBRIGHT

corporate depositions they have not noticed, may not notice, and even if they do notice, may not be entirely appropriate for these individuals, and they have no legal basis to do so. For these reasons, Defendants' Motion for a Protective Order should be denied.

## II.    Defendants' Arguments Are Without Merit

Defendants' other arguments in support its motion are without merit.

Defendants argue that they are merely asking Your Honor to grant them the same treatment given to Uni-Systems in Dkt. 258. Defendants are wrong. The very opposite situation occurred in the discovery dispute underlying Dkt. 258. In that instance, Defendants sought to take a 30(b)(6) deposition of Uni-Systems on topics concerning its trade secrets. Uni-Systems designated Cyril Silberman (the CEO and founder of Uni-Systems) for the deposition on the condition that his individual deposition be conducted at the same time. The Court agreed and ordered that both depositions take place at the same time. (Dkt. 258 at 4.) Here, however, the situation is entirely distinguishable because Uni-Systems has not noticed a 30(b)(6) deposition for Hunt or USTA NTC, making Defendants' request premature. Nor can Uni-Systems be forced to take corporate representative depositions of Mr. Flandermeyer and Mr. Zausner now merely because they are managers who possess corporate knowledge, because corporate depositions and individual depositions are treated as "two distinct matters" and are "utilized as distinct forms of evidence." *Doe v. Trump*, 329 F.R.D. 262, 273 (W.D. Wash. 2018); *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 333 (D. Nev. 2016) ("Courts have rejected the argument that a Rule 30(b)(6) deposition and a percipient witness deposition are unnecessary or cumulative of one another based simply on the similarity of topics covered.").

Defendants also argue that their request should be granted because Uni-Systems has no outstanding discovery disputes with Hunt and USTA NTC. But as Uni-Systems has repeatedly explained to Hunt and USTA NTC, there are many Defendants in this case who worked together to steal Uni-Systems' trade secrets and construct the infringing roofs and, as a result, Uni-Systems needs *all* Defendants to substantially complete their document productions before it will consider taking 30(b)(6) depositions. Moreover, Hunt's last document production was only a few weeks ago and there are likely to be discovery issues raised by it. Finally, as discussed in Section I, *supra*, there are other risks associated with taking premature corporate representative depositions.

## III.   The Court Should Compel The Depositions

Uni-Systems properly noticed the depositions of Mr. Flandermeyer (Hunt) and Mr. Zausner (USTA NTC) under Rule 30(b)(1) on January 22 and 29, 2020. (*See* Exhibit B (Deposition Notice for Mr. Flandermeyer); Exhibit C (Deposition Notice for Mr. Zausner).) Both depositions are appropriate under Rule 26 because the witnesses have firsthand knowledge of highly relevant information about the claims in this case, as Defendants admit. (*See* Dkt. 414 at 1.) For example, Mr. Flandermeyer was involved with the Florida Marlins retractable roof project and recommended that Hardesty & Hanover conduct a peer review of Uni-Systems' design work at Marlins stadium, which provided Hardesty & Hanover (and by extension Hunt) access to Uni-Systems' trade secrets that were used at Ashe and Armstrong. Mr. Flandermeyer was also involved with the Ashe and Armstrong roofs and himself proposed constructing a roof similar to Uni-Systems' design at Cardinals stadium. Mr. Flandermeyer is believed to have shared Uni-Systems'

Honorable Cheryl L. Pollak
March 13, 2020
Page 4

NORTON ROSE FULBRIGHT

proprietary information for the Cardinals stadium (which Hunt also worked on) with his co-Defendants so that they could finalize the design for Ashe. Mr. Zausner is also a key fact witness. He oversaw the redevelopment of the tennis campus for USTA. He has knowledge about the contract negotiations with Defendants, the activities of the Defendants in relation to the redevelopment, the budget and payments made to Defendants, and the redesign of Armstrong stadium after Uni-Systems gave notice that Ashe infringed its patents.

The deposition notices served weeks ago were sufficient to compel Defendants' witnesses to attend depositions on March 6 and 10, 2020. (*See* Exs. B, C.) However, Defendants' counsel refused to produce those two witnesses on the noticed dates, and on four separate occasions refused to provide Uni-Systems with alternative dates.[1] In fact, Defendants' counsel informed Uni-Systems on March 6, that he had not even asked the deponents to provide him with their available dates yet. Defendants are preventing Uni-Systems from taking discovery. The Court should compel Defendants to provide dates for Mr. Flandermeyer's and Mr. Zausner's depositions once the current emergency conditions have abated.

## IV. Conclusion

Uni-Systems respectfully requests that the Court deny Defendants Motion for a Protective Order, and grant Uni-Systems' Cross Motion to Compel the fact depositions of Mr. Flandermeyer and Mr. Zausner.

Very truly yours,

*/s/ Victoria V. Corder*

Victoria V. Corder

cc:    All Counsel of Record

---

[1] By email on February 5, 2020, counsel for Uni-Systems asked counsel for Hunt and USTA NTC to confirm that the noticed dates in March for the depositions of Mr. Flandermeyer and Mr. Zausner were acceptable. Counsel for Hunt and USTA NTC did not respond to that question. *See* Ex. A at 6. On a telephonic meet and confer with counsel for Hunt and USTA NTC on February 11, 2020, counsel for Uni-Systems asked Ethan Horowitz to provide him with the deponents' next available dates. Mr. Horowitz indicated they would be in April, due to Mr. Zausner's schedule and another lawsuit against Hunt that Mr. Flandermeyer was involved in, but never gave Uni-Systems any firm dates. In another email on February 26, 2020, Counsel for Uni-Systems again asked counsel for Hunt and USTA NTC for "specific dates [the deponents] are available or we will ask the Court for assistance in scheduling the depositions." *See* Ex. A at 1. Again, Counsel for Hunt and USTA NTC did not answer that question. Then, at a second telephonic meet and confer on March 6, 2020 with Hunt and USTA NTC counsel Mr. Horowitz and J. Coy Stull (which took place minutes before the Motion for a Protective Order was filed), counsel for Uni-Systems asked Mr. Horowitz for a fourth time to provide her with the deponents' availability. Mr. Horowitz informed counsel for Uni-Systems he had not yet asked the deponents about their available dates despite the fact that the deposition notices had been served six weeks prior to that call and Uni-Systems had sought to solidify the dates three times prior to that call.